UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 20-cr-273 (RC) |
| | : | |
| HOWARD HARDY, | : | Re Document No.:   9 |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**DENYING DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL**

**I.   INTRODUCTION**

Defendant Howard Hardy was indicted on one count alleging violation of 18 U.S.C. § 922(g)(1).  Following a detention hearing, Magistrate Judge Zia Faruqui ordered Mr. Hardy detained pending trial.  *See* Order of Detention Pending Trial ("Detention Order"), ECF No. 6.  Mr. Hardy now appeals the Detention Order.  Def.'s Mot. Release Pending Trial ("Def.'s Mot."), ECF No. 9.  The Government opposes Mr. Hardy's release.  Gov'ts Mem. Opp'n Def.'s Mot. Release Pending Trial ("Gov'ts Opp'n"), ECF No. 11.  For the reasons set out below, the Court finds that the magistrate judge's determination that Mr. Hardy's release pending trial would pose a danger to other persons and the community is supported by clear and convincing evidence.  The Court therefore denies Mr. Hardy's motion.

**II.   FACTUAL BACKGROUND**

On November 15, 2020, Metropolitan Police Department (MPD) officers received a call that Shot Spotter had detected twelve gunshots in Southeast, Washington D.C.  Gov'ts Mem. Supp. Pre-Trial Detention ("Gov'ts Mem.") at 2–3, ECF No. 2.  In relation to the same incident, MPD officers received a call describing a suspect's movements and placement of a gun under a parked car.  *Id.*  Officers subsequently recovered a firearm from underneath a vehicle and

arrested Mr. Hardy in an area consistent with the caller's description of the suspect's movements. *Id*. at 3.  Mr. Hardy showed the officers that he had been shot in the leg.  *Id*.

A grand jury returned an indictment charging Mr. Hardy with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C § 922(g)(1).  *See* Indictment, ECF No. 1.  At the initial appearance, the government moved for detention pending trial pursuant to 18 U.S.C. § 3142 and submitted a memorandum in support of detention.  *See* Gov'ts Mem.  After a hearing on the matter, Magistrate Judge Zia Faruqui ordered Mr. Hardy detained pending trial, finding that the § 3142(g) factors weighed in favor of pretrial detention.  Detention Order at 3–4.  Mr. Hardy now moves for this Court to reconsider the Order of Detention.  *See* Def.'s Mot.

## III.  LEGAL STANDARD

Under the Bail Reform Act of 1984, a judge shall order the pretrial detention of a defendant if the judge finds that no conditions of release will reasonably assure either the safety of other persons and the community or the appearance of the defendant in court.  18 U.S.C. § 3142(e)(1).  A finding that no conditions will reasonably assure the safety of persons or the community must be made by clear and convincing evidence.  *Id.* § 3142(f).  The Bail Reform Act is silent as to the level of proof required for finding that no conditions will reasonably assure the appearance of a defendant in court, but the D.C. Circuit has held that the finding need be made only by a preponderance of the evidence.  *See United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Vortis*, 785 F.2d 327, 328–29 (D.C. Cir. 1986) (per curiam). In determining whether there are conditions of release that will assure the safety of other persons and the community, the Court must consider: the nature of the offense, the weight of the evidence against the defendant, the history and characteristics of the person, and the danger

posed to any person or the community if the defendant is released. 18 U.S.C. § 3142(g).[1] This Court reviews a magistrate judge's findings *de novo*. *See e.g.*, *United States v. Muschetta*, 118 F. Supp. 3d 340, 343 (D.D.C. 2015) (citing *United States v. Sheffield*, 799 F. Supp. 2d 18, 19–20 (D.D.C. 2011)).

### IV. ANALYSIS

The Government focuses its argument on the safety of other persons and the community if Mr. Hardy is released. Gov'ts Mot. at 2. Thus, the clear and convincing evidence standard applies to the Court's review of the § 3142(g) factors. *See* 18 U.S.C. § 3142(f). The Court finds Magistrate Judge Faruqui's detention order reasonable in every respect and agrees that the Government has shown by clear and convincing evidence that no condition of release or combination of conditions will reasonably assure the safety of any other person or the community if Mr. Hardy is released pending trial.

#### 1. Nature of the Offense

In evaluating the "nature and circumstances of the offense charged," *id.* § 3142(g)(1), the Court may consider the seriousness of the offense charged and whether the alleged crime involves violence, *see United States v. Hassanshahi*, 989 F. Supp. 2d 110, 114 (D.D.C. 2013). This factor weighs heavily against Mr. Hardy because the indictment demonstrates probable cause to believe that Mr. Hardy, a prior convicted felon, possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g). A violation of § 922(g) is a serious offense carrying a possible sentence of up to ten years imprisonment. *Id.* § 924(a)(2). To show the violent nature of the offense, the government provided surveillance footage showing that Mr. Hardy engaged in a

---

[1] Section 3142(e) provides circumstances where a rebuttable presumption arises that no conditions could reasonably assure the safety of any person or community. No such rebuttable presumption exists here. *See* 18 U.S.C. § 3142(e)(2)–(3).

physical altercation, pushing an individual against a wall and taking property from that individual. *See* Gov'ts Mem. at 3–4. Witness testimony alleges that Mr. Hardy held a firearm during this altercation. Gov'ts Opp'n at 5. And the surveillance video seems to corroborate that testimony: while it does not clearly show a firearm, it does show that Mr. Hardy held something in his pocket during the confrontation. The Court agrees with the magistrate judge's finding that Hardy's "altercation with someone shortly before he was shot combined with the loaded firearm he allegedly possessed and hid are clear indicia of his involvement in a violent encounter." Detention Order at 3. Consequently, this factor weighs against Mr. Hardy's release.

### 2. Weight of the Evidence

The evidence weighs against Mr. Hardy. A third-party witness reported a suspect placing a firearm under a vehicle, where MPD officers subsequently discovered a loaded firearm. *See* Gov'ts Mem. at 3. The third-party witness's descriptions of a suspect match Mr. Hardy and Mr. Hardy's location at the time of arrest. *See id.* Surveillance footage shows that Mr. Hardy engaged in a physical altercation with an individual and suffered a gunshot wound, which places him "at the very least in the vicinity of the reported gunshots." Detention Order at 3. Recently released DNA results strongly link the gun to Mr. Hardy. *See* Min. Entry (Feb. 4, 2021). Taken together, this evidence is sufficiently strong to weigh in favor of continued detention.

### 3. Defendant's History and Characteristics

The third factor, the defendant's history and characteristics, also weighs in favor of continued pretrial detention. Under § 3142(g)(3), relevant considerations include "the [defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court

proceedings." 18 U.S.C. § 3142(g)(3)(A). When evaluating this third factor, the Court "emphasize[s] the defendant's criminal background." *Hassanshahi*, 989 F. Supp. 2d at 115; *see also, e.g.*, *United States v. Richards*, 783 F. Supp. 2d 99, 103 (D.D.C. 2011).

The Court observes that this incident constitutes Mr. Hardy's second offense involving a firearm within a short period of time. *See* Gov'ts Mem. at 5. At the time of the charged offense, Mr. Hardy was on supervised release for an armed robbery conviction in Baltimore, Maryland. Gov'ts Opp'n at 5–6. This prior conviction involved an incident during which Mr. Hardy and two others robbed a T-Mobile store at gun point, taking approximately $15,000 in cash and merchandise. *Id.* at 6. Mr. Hardy also has prior convictions for contempt of a release condition and escape. *Id.* This past criminal history weighs heavily against his release.

Mr. Hardy stresses the need for release to care for his child who is currently under the care of Hardy's mother. Def.'s Mot. at 2. But although Mr. Hardy's mother struggles to balance work and childcare, the fact that the child does have an available caretaker other than Mr. Hardy limits the weight this point carries in favor of Mr. Hardy's release. *Id.*

Ultimately, the Court finds that the commission of the charged offense while on supervision from a recent armed robbery conviction, combined with Mr. Hardy's past supervision violations, substantially weighs in favor of continued detention.

4. Danger Posed by Defendant's Release

Turning to the fourth factor, the Government argues that Mr. Hardy's prior felony offense and possession of a loaded firearm while on supervised release weigh in favor of detention to protect the community. Gov'ts Mem. at 5–6. The Court agrees. Possession of a firearm "poses an inherent risk of danger to the community," *United States v. Howard*, No. 20-mj-181, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020), and the Court is deeply concerned by Mr. Hardy's

possession of a firearm and involvement in a physical altercation while on supervised release for another firearm offense. The Court agrees with the magistrate's finding that "[t]he violent nature of this alleged offense combined with Mr. Hardy's prior armed robbery conviction suggests that Mr. Hardy is willing to use weapons to effectuate violence." Detention Order at 4. Given Mr. Hardy's poor record of compliance with supervision, the Court is persuaded that Mr. Hardy poses a danger to the community if released pending trial.

*   *   *

Accordingly, the Court concurs with Magistrate Judge Faruqui in concluding that the Government has demonstrated by clear and convincing evidence that the § 3142(g) factors weigh in favor of pretrial detention and that no conditions of release would reasonably assure the safety of the community.

### V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Release Pending Trial (ECF No. 9) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 23, 2021                                              RUDOLPH CONTRERAS
                                                                      United States District Judge